Filed 9/19/16  P. v. Harden CA2/1

# NOT TO BE PUBLISHED IN THE OFFICIAL REPORTS

**California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION ONE

| | |
|---|---|
| THE PEOPLE, | B269796 |
| Plaintiff and Respondent, | (Los Angeles County Super. Ct. No. NA101649) |
| v. | |
| JORDAN HARDEN | |
| Defendant and Appellant. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Judith Levey Meyer, Judge.  Appeal dismissed.

Joy A. Maulitz, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

_____

On June 1, 2015, Jordan Harden was charged with four counts of burglary. (Pen. Code, § 459.) He pleaded no contest to all counts and was sentenced to an aggregate term of six years in prison, with 229 days of custody credit, and was ordered to pay restitution and assessments. On October 5, 2015, Harden moved to withdraw his plea, contending he had been unable to understand the implications of his original plea due to a sensory processing disorder that he suffered as a result of having been born to a woman addicted to crack cocaine. Harden further contended he had not been fully apprised by his attorney of the evidence against him or his possible defenses, and if he had been so informed he would have elected to go to trial instead of entering a plea.

The trial court denied Harden's motion to vacate his plea, and he then filed an appeal and requested a certificate of probable cause, which was denied.

We appointed counsel to represent Harden on appeal, and after examination of the record counsel filed an opening brief raising no issues and asking this court to review the record independently. (*People v. Wende* (1979) 25 Cal.3d 436.) On July 15, 2016, we sent letters to Harden and appointed counsel, directing counsel to forward the appellate record to Harden and advising Harden that within 30 days he could personally submit any contentions or issues that he wished us to consider. We received no response.

Harden's no contest plea and failure to obtain a certificate of probable cause limit the scope of his appeal either to "[g]rounds that arose after entry of the plea and do not affect the plea's validity" or to the "denial of a motion to suppress evidence under Penal Code section 1538.5." (Cal. Rules of Court, rule 8.304(b); see Pen. Code, § 1237.5 [failure to obtain a certificate of probable cause precludes an appeal from the judgment of conviction upon a plea of guilty or no contest].) We have examined the entire record and find no such issue exists. We are therefore satisfied Harden's attorney complied with her responsibilities and that no arguable appellate issue exists. (*People v. Wende*, *supra*, 25 Cal.3d at p. 441.)

## DISPOSITION

The appeal is dismissed.

NOT TO BE PUBLISHED.

CHANEY, J.

WE CONCUR:

ROTHSCHILD, P. J.

LUI, J.